

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN KEITH SMITH,

    Plaintiff,

v.                                                        Civil Action No. **3:09CV341**

A.H. JAMALUDEEN, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, filed this action under 42 U.S.C. § 1983. The matter is before the Court on Plaintiff's failure to serve Defendants Jamualudeen, Cunningham-Allen, and McWaters (collectively "Defendants").

Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve a defendant within 120 days from the filing of the complaint or state good cause for his failure to do so. Here, that period commenced on May 11, 2010. By Memorandum Order entered on that date, the Court informed Plaintiff that it was his responsibility to provide the Court with a street address for Defendants.

On July 19, 2010, the Court received a letter from Plaintiff wherein he explained that he had written to Defendants' employer and to their place of employment seeking Defendants' addresses. Plaintiff, however, did not provide a street address for Defendants.[1] By Memorandum Order entered on July 26, 2010, the Court informed Plaintiff that no action would

---

[1] In the letter, Plaintiff merely provided a post-office box address for Defendants and a street address for Defendants' employer.

be taken upon his July 19, 2010 submission and encouraged him to continue to seek the business or home addresses for Defendants and promptly provide the same to the Court.

More than 120 days elapsed and Plaintiff had not served Defendants. Therefore, by Memorandum Order entered on September 13, 2010, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to show good cause why all claims against Defendants should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Plaintiff has not responded to the September 13, 2010 Memorandum Order.

In the absence of good cause for his failure to timely serve Defendants, Plaintiff's claims and the action should be dismissed without prejudice. *Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995). Good cause is shown when the plaintiff demonstrates that "he made reasonable, diligent efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999) (internal quotation marks omitted). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service" generally are insufficient to show good cause. *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992). Plaintiff's limited efforts to obtain Defendants' addresses by writing two letters does not constitute good cause. *See Bowman v. Johnson*, 3:08cv449-HEH, 2010 WL 1225693, at *1 (E.D. Va. Mar. 26, 2010). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: NOV 1 6 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

2